## Elkhorn Coal Corp. v. Manns et al.

February 16, 1951.

Edward P. Hill, Judge.

648

Howard & Combs for appellant.

Kenneth A. Howe for appellee.

Judge Latimer—Affirming.

Lillie Manns, widow of Leander Manns, filed claim with the Workmen's Compensation Board seeking an award for the death of her husband. The Board allowed maximum compensation under the Act. The award was upheld by the Floyd Circuit Court and the Elkhorn Coal Corporation brings this appeal.

It is argued first that there is not sufficient probative evidence to sustain the award; and second, if there is sufficient evidence to sustain any part of the award, it should be apportioned using as a basis a finding that a combination of the pre-existing condition of the employee and the breathing of the "bad air" caused employee's death.

Leander Manns was employed by appellant Elkhorn Coal Corporation. The award was based on a finding that deceased's death was caused by breathing bad air in appellant's mine.

It is obvious that we are to be concerned only with the evidence tending to show that the employee's death was caused by breathing "bad air."

We will look first at the circumstances under which the deceased was working. The place of actual work was in a room approximately 100 feet from the entrance. His work required that he be at or near the face of the coal. KRS 352.020 prescribes the methods of ventilation. Paragraph 3 of the above section, with prescribed exceptions, requires that what is known as breakthroughs for air be installed 60 feet apart. The evi-

dence shows that a break-through was in the process of completion at the time of this death.

The evidence further shows that there was a lack of proper brattices or stoppings, which according to the testimony of some, was the cause of the lack of ventilation and the presence of "bad air."

Manns died in the mine entry of appellant's mine at about 11 P.M. on the night of November 7, 1945. He commenced work that afternoon at about 4:00 P.M. He was a helper on a loading machine and assisted with bringing the loading machine out to the main entry. While at this entry he fell to the floor of the mine, gasped a few times and died. Dr. M. V. Wicker examined the body when it was brought out of the mine and questioned the fellow employees about the conditions under which the deceased was working. He states that these fellow employees informed him the air was good and none of them could assign any reasons other than natural ones for the man's death. Dr. Wicker, who had treated Manns for low blood pressure for some 2 or 3 years, concluded that Manns died as a result of heart failure.

Air tests were taken at the place of death approximately 2½ hours thereafter and showed a presence of more than 20 percent oxygen, which is regarded as the equivalent of pure air.

The State Mine Inspector made an investigation and reported that the mine was being operated properly.

Mitchell Watson, loading machine operator, when asked, "Was there any smoke in the room?" replied, "Plenty, when I first went in for about fifteen minutes."

Harlan Page, the shot fireman, who was working with Manns' crew, testified that he was not in the room where Manns worked after the coal had been shot; but when he went in to prepare a shot, there seemed to be no air in the room.

The motor man, Bill Honshell, who was in the room intermittently in operating the motor to remove loaded cars and place empties, stated that he noticed a lack of ventilation and that it made him feel drowsy and tired.

Dr. J. C. Coldiron, who testified on behalf of appellee, stated that in his opinion the death of the de-

ceased was from bad air poisoning. Complaint, however, is made that the hypothetical question propounded to Dr. Coldiron was improper, in that it assumed that the deceased employee was in good health. A careful study of the question as propounded shows that the question was based upon the facts in this case. The apparently objectionable portion of the question is that relative to good health of employee. This language is used: ''The deceased, Lee Manns, at the time of his death was about forty-two years of age, apparently in good health, who had never been known by his wife or by the men with whom he worked to have complained or sought medical attention before his death, and who had worked regularly for the Elkhorn Coal Corporation for a number of years, * * * .'' The evidence supports the question as propounded.

Although, Dr. M. D. Flannery, testifying for appellant, stated that he was of the opinion that the death was not caused by breathing ''bad air'' and though there is evidence in support of appellant's position, it is readily observable that the above is evidence of substance sufficient to support the Board's finding of facts.

There is no basis in evidence herein to justify the apportionment urged in 2 above with accompanying application of the rule in Black Mountain Corporation v. Lucas, 271 Ky. 655, 113 S.W.2d 15. In that case it was held that both a pre-existing disease and ''bad air'' contributed to the death of the employee. And the evidence supported that finding. That is not true in the instant case. Appellant took the position that there was no presence of ''bad air'' and that death resulted from a heart attack. Claimant took the position that the death resulted from breathing ''bad air.'' The Board so found.

The facts herein support that finding.

The judgment is affirmed.